Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| RAÚL E. VÁZQUEZ ROMÁN | | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Relaciones de Familia y Menores de Bayamón |
|---|---|---|
| Demandante - Peticionario | KLCE202400209 | |
| v. | | Civil núm.: D FI2015-0050 (3001) |
| BRISEIDA Y. DELGADO MIRANDA | | |
| Demandada - Recurrida | | Sobre: Filiación |

Panel integrado por su presidente, el juez Sánchez Ramos, el juez Pagán Ocasio y el juez Marrero Guerrero.

Sánchez Ramos, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Luego de unas vistas en las que se recibió prueba oral, el Tribunal de Primera Instancia ("TPI"), de forma provisional, ordenó que las relaciones entre un padre y su hija de 9 años de edad ocurriesen a través de visitas supervisadas en una institución. Según se explica en detalle a continuación, hemos determinado no intervenir con el dictamen recurrido, pues no se cometió un error de derecho y, de hecho, el peticionario realmente no impugna la razonabilidad de dicho dictamen.

I.

En julio de 2023, el Sr. Raúl Vázquez Román (el "Padre") presentó ante el TPI una *Urgente Moción Solicitando se Restablezcan las Relaciones Paternofiliales Inmediatamente* (la "Moción"). Expuso que, desde abril de ese año, no se relacionaba con su hija (la "Menor"). Alegó que ello se debía a que la madre de la menor, la Sa.

---

[1] El recurso fue asignado a este panel por virtud de lo dispuesto en la Orden Administrativa OAJP-2021-086, de 4 de noviembre de 2021, sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones. Como consecuencia de la referida orden, este recurso, así como todo recurso futuro que surja del caso de referencia, pendiente ante el Tribunal de Primera Instancia, será atendido por los integrantes de este panel, quienes adjudicaron el correspondiente recurso anterior (KLCE202301224).

Briseida Y. Delgado Miranda (la "Madre"), ha obstaculizado las relaciones paterno filiales.

Según expone el Padre, el TPI celebró varias vistas evidenciarias para evaluar la Moción.

Mediante una Resolución notificada el 8 de enero (el "Dictamen"), el TPI denegó la Moción; no obstante, ordenó que la Menor deberá relacionarse con el Padre "mediante visitas supervisadas, las cuales deben proveer psicoeducación al [Padre] para desarrollar destrezas protectoras." Dispuso el TPI que estas visitas "se llevarán a cabo en el Centro de Consejería y Servicios Integrales Oasis" y que el Padre "deberá seguir cualquier recomendación que haga la psicóloga Dra. Alice Pérez y/o Centro de Consejería y Servicios Integrales Oasis". El TPI también dispuso que el Padre "no podrá exponer a la [Menor] a relacionarse con su hermano adolescente ni le conversará con la menor sobre los procesos judiciales".

En apoyo de su determinación, el TPI consignó que, según la prueba recibida, la Madre "ha ejercido la custodia de la hija menor desde su nacimiento y hasta el presente de manera responsable, adecuada y protectora". Añadió que el Padre "no posee destrezas protectoras" y que la Menor "ha sido víctima de maltrato y negligencia y que existe riesgo de continuar siéndolo durante las relaciones paternofiliales". Observó que el Padre "no protege" a la Menor "de su hermano adolescente de vínculo sencillo" ni ha "procurado continuar con las recomendaciones de la terapeuta" de la Menor.

El 23 de enero, el Padre solicitó la reconsideración del Dictamen, lo cual fue denegado por el TPI mediante una Orden notificada ese mismo día.

Inconforme, el 20 de febrero, el Padre presentó el recurso que nos ocupa; poco después, sometió una transcripción de las vistas

evidenciarias pertinentes. Sobre lo actuado por el TPI, el Padre indicó que "[p]odemos respetar que por medida provisional se hayan referido las visitas del padre con la menor al Centro Oasis, pero nos resulta erróneo que el [TPI] sin prueba alguna determinara que se incurrió en maltrato ... y que la madre de la menor no incurrió en enajenación parental cuando dicha conducta no ha sido evaluada por un perito". El Padre también expuso que el TPI erró al "neg[arle] la oportunidad de impugnar el testimonio de la [Madre] con el testimonio de un perito". Disponemos.

## II.

El auto de *certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *IG Builders et al v. BBVAPR*, 185 DPR 307 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009); *García v. Padró*, 165 DPR 324, 334 (2005).

La Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII–B, R. 40, establece los criterios a examinar para ejercer nuestra discreción. La referida Regla dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.  4 LPRA Ap. XXII–B, R. 40.

Los foros apelativos no deben intervenir con el ejercicio de discreción de los foros de primera instancia, salvo que se demuestre abuso de discreción, o algún error de derecho.  *García v. Asociación*, 165 DPR 311, 322 (2005).

III.

Concluimos que no debemos intervenir con el Dictamen. Adviértase que el Padre no impugna la medida dispositiva tomada por el TPI.  En vez, únicamente impugna los fundamentos utilizados por el TPI, pues aduce que es errónea la apreciación del TPI sobre las relaciones entre la Menor y sus progenitores.

Así pues, al no cuestionarse la parte dispositiva del Dictamen, declinamos la invitación del Padre a revisar las apreciaciones actuales del TPI en torno a la dinámica familiar pertinente.

Por supuesto, en la medida que el Padre pueda luego estar en desacuerdo con una determinación futura del TPI, en torno a la custodia de la Menor o sus relaciones paternofiliales, y en la medida que dicha determinación pudiese descansar, en todo o en parte, en las actuales apreciaciones del TPI, que el Padre estima son erróneas, este podría oportunamente solicitar su revisión.

Resaltamos que, en este tipo de proceso judicial, el TPI no está obligado por sus determinaciones fácticas anteriores, pues la situación familiar puede ser fluida y cambiante y, además, el TPI ordinariamente recibe prueba nueva en las distintas etapas del proceso.

En fin, por no haberse solicitado nuestra intervención en cuanto a la determinación última tomada por el TPI, y por considerar de todas maneras que lo actuado por el TPI no es contrario a derecho

ni es el resultado de algún abuso de discreción, no se justifica nuestra intervención en esta etapa.

IV.

Por los fundamentos que anteceden, se deniega la expedición del auto de *certiorari* solicitado.

Lo acuerda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones